IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAYDER IRONWOLF BLOODAXE,

           Plaintiff,

   v.

BARBOA, et al.,

           Defendants.

Case No. 6:26-cv-00161-AN

ORDER

NELSON, District Judge.

This prisoner civil rights case comes before the Court on Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction (#23). Plaintiff asserts that prison officials at the Oregon State Penitentiary have deprived him of multiple articles of mail, and that he has not been provided proper notice regarding the rejected pieces of mail. Plaintiff states that the deprivation of his mail has prevented him from practicing his religion because "Reading is [a] requirement of Plaintiff[']s religious beliefs." TRO/PI Memorandum (#23-1), p. 9.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*

1 - ORDER

*Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008). A plaintiff may also qualify for a preliminary injunction by showing that there are serious questions going to the merits of his claim and that the balance of hardships tips sharply in his favor, so long as the other *Winter* factors are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127. 1134-35 (9th Cir. 2011). Importantly, a preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam) (italics in original, internal quotations and citation omitted).

In this case, Plaintiff generally alleges that correctional personnel have repeatedly prevented him from receiving publications, and that they have done so without sending him notices regarding the rejected mailings. However, the evidence before the Court shows that, with the exception of a publication that was rejected as duplicative on February 20, 2025, Plaintiff received the nearly two dozen other publications sent to him since February 2024 when the recordkeeping began. Declaration of Christopher Toombs (#33), Exhibit 1. Although Plaintiff claims that his religion mandates that he read, he does not specifically provide how the limited deprivation of mail established by the current record prevents him from engaging in conduct mandated by his faith. *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

Based on the limited record before the Court, Plaintiff has a low likelihood of succeeding on the merits of his claim that prison officials have repeatedly denied him access to publications in violation of his First Amendment rights. In addition, nothing before the Court shows that Plaintiff is under such a significant threat of irreparable injury that the extraordinary remedy of

2 - ORDER

preliminary injunctive relief is justified. His Motion seeking preliminary injunctive relief is therefore denied.

Plaintiff also asks the Court to order service by the U.S. Marshals Service. Because Defendants waived service on July 6, 2026, the Motion for Service (#25) is denied as moot.

## **CONCLUSION**

Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction (#23) and Motion for Service (#25) are denied.

IT IS SO ORDERED.

8/4/2026
DATE

Adrienne Nelson
United States District Judge

3 - ORDER