IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAYDER IRONWOLF BLOODAXE,

Plaintiff,

v.

BARBOA, et al.,

Defendants.

Case No. 6:26-cv-00161-AN

ORDER

NELSON, District Judge.

Plaintiff in this prisoner civil rights case asks the Court to order the Oregon Department of Corrections to lift its restrictions on incoming mail to allow Plaintiff's mother to send him documents that can help him litigate his claims. He seeks this injunction to allow her to send in "paper copies of screenshots, emails, letters and any other documents directly related to Plaintiff[']s case herein." Motion (#69), p. 3. This amounts to a request for preliminary injunctive relief with respect to an access to courts claim that is not at issue in this case. Because has no chance of success on the merits of a claim not at issue, preliminary injunctive relief is not appropriate. *Winter v. Natural Res. Def. Council, Inc.,* 129 S.Ct. 365, 374 (2008) (plaintiff

seeking preliminary injunction must demonstrate that he is likely to succeed on the merits). The Motion for Court Order (#69) is therefore denied.

Plaintiff also moves the court to schedule discovery and dispositive motion deadlines. The Motion for Scheduling Order (#71) is granted insofar as the Clerk of Court is directed to enter a scheduling order for this case.[1]

Plaintiff's Motion (#72) to dismiss Defendant Trimble from this lawsuit is granted.

Plaintiff moves to withdraw Interrogatory Request No. 3 as to Defendant Zuleta. Defendants have not responded to the Motion, leaving it unopposed. The Motion to Withdraw Discovery Request (#73) is granted.

Defendants move the Court for a five-day extension of time to respond to Plaintiff's Motions to Compel (#74, #75, and #76). In the same Motion, Defendants seek a seven-day extension in which to respond to Plaintiff's Interrogatories directed to Defendant Benson that were due October 30 , 2026. The Motion for Extension of Time (#87) is granted in its entirety.

Plaintiff next asks the Court to compel Defendant Clig to provide him with a substantive response to a request for admission. The discovery request and response are as follow:

> REQUEST FOR ADMISSION NO. 1: Oregon Department of Corrections institutions have more books, and other resources for Christian, Mulsim, Catholic, Jewish, Mormon, Jehovah Witness, and other faces over Earth Based Faiths such as Asatru.
>
> RESPONSE: Defendants object on the grounds the request it seeks information not proportional to the needs of this case. The request is vague and response would be overly burdensome, requiring inventory of all materials and resources at (all) ODOC facilities.

[1] For reasons that are not clear, the Clerk of Court did not enter a scheduling order following Defendants' Answer (#35) to the Amended Complaint (#15).

As Defendants point out, Plaintiff is asking Defendant Clig to categorize all books within the Oregon Department of Corrections in an attempt to show that there is content-based religious imbalance as to what materials are available to him. This is a very broad request and, on a more local and relevant level, Plaintiff is well situated to determine the books to which he has access and how to classify them. The Motion to Compel Defendant Clig (#74) is therefore denied.

Plaintiff also asks the Court to compel Defendant Hodney to respond to his Request for Admission No. 2. The exchange between the parties on that discovery request follows:

> REQUEST FOR ADMISSION NO. 2: Reading religious books is important for an AIC to learn and understand their religion for Asatru because ODOC does not have a volunteer in many cases for Asatru or at OSCI.
>
> RESPONSE: Defendant objects to the form of the request and on the grounds it is disproportional to the needs of the case.

Plaintiff posed what is essentially a compound question and, as part of that question, asks Defendant Hodney to opine on the objective value of reading has on an AIC's understanding of the Asatru religion. Defendant Hodney responded by objecting to the form of the question and also indicated an inability to understand the nature of the question. The Response was valid and permissible, Defendant Hodney's objection is sustained, and Plaintiff's Motion to Compel Defendant Hodney (#75) is denied.

Finally, Plaintiff asks the Court to compel Defendant Lawson to provide him with a substantive response his Request for Admission No. 2 which reads as follows:

> REQUEST FOR ADMISSION NO. 2: According to OAR policies, Plaintiff exhausted all available grievance and discrimination remedies.

> RESPONSE: Defendants object to the request as it seeks information not proportional to the needs of this case. Defendants also object because the request is overly broad as it states no timeframe whatsoever and does not state which grievances and discrimination complaints to which Plaintiff refers and because it calls for legal conclusions.

Defendants correctly point out that Plaintiff has not identified the first-level grievances to which he is referring, making a response unnecessarily difficult to frame. Plaintiff's Motion to Compel Defendant Lawson (#76) is denied.

## CONCLUSION

Plaintiff's Motion for Court Order (#69) and Motions to Compel (#74, #75, and #76) are denied. His Motion for Scheduling Order (#71), Motion to Dismiss Defendant Trimble (#72), and Motion to Withdraw Discovery Request (#73) are granted. The Clerk shall enter a scheduling order for this case and place Defendant Trimble into terminated status.

Defendant's Motion for Extension of Time (#87) is granted.

IT IS SO ORDERED.

November 19, 2026
DATE

Adrienne Nelson
Adrienne Nelson
United States District Judge